RICHMOND HEIGHTS GENERAL HOSPITAL, PLAINTIFF, v. BLUE CROSS OF NORTHEAST OHIO, DEFENDANT.

Common Pleas Court, Cuyahoga County.

No. 753857.   Decided April 16, 1962.

McDERMOTT, J.   This action involves a dispute between plaintiff which it is admitted by the pleadings is a "non-profit hospital" within the meaning of Section 1739.01(B) of the Ohio Revised Code and defendant which it is admitted is a "Hospital Service Association," within the meaning of subsection (A) of that section.

Defendant is obliged by Section 1739.06, Revised Code, to contract with plaintiff to pay it for hospital services rendered to defendant's subscribers, which payment must be based upon the same rate formula as is used by defendant to pay for similar hospital care rendered by other non-profit hospitals in the area.

It has been established that the contract offered by defendant to the non-profit hospitals in this area applies a rate formula for reimbursing those hospitals that have been operating for more than one year for their costs and provides further for payment to those hospitals in operation for less than one year according to the weighted average of payments for that period to the seven hospitals in Cuyahoga County which have the lowest reimbursement costs.

Plaintiff alleges that it was organized by those persons formerly connected with Forest Hills Hospital with the intention of closing down Forest Hills and moving its operation to the plaintiff hospital. Defendant contends that plaintiff is a new hospital and should be treated accordingly under the contract. Plaintiff maintains that it is the successor to Forest Hills Hospital and should be treated as such by the defendant, and further maintains that defendant's contract does not conform to the requirements of Section 1739.06, Revised Code, in that it provides two rate formulae rather than a single formula, one for hospitals in existence for less than one year and one for hospitals in existence for more than one year. Plaintiff requests a mandatory injunction compelling defendant to reimburse it according to the same formula as is provided for the other hospitals in the area without regard to the length of time it has been operating and for a declaratory judgment upon certain questions.

The sole essential issue of fact presented by the pleadings which plaintiff has the burden of establishing is whether plaintiff is the successor of Forest Hills Hospital so as to be entitled to succeed to its interest under its contract with defendant. The defendant, on the other hand, has the burden of establishing that the rate formula offered to the plaintiff was the same formula as that offered to the other non-profit hospitals in the area.

Defendant has clearly established that the contract offered by it to plaintiff contains identical provisions for the purpose

of determining all reimbursement payments as those contracts into which it has entered with the other hospitals in the area. It argues that the provisions contained therein treating hospitals which have been in existence for less than one year differently from hospitals that have been established for a longer period is consistent with the statutory requirement and that it provide hospitals with the "same rate formula." It has argued that this distinction is not only reasonable but necessary since new hospitals have substantially greater expenses which are allocated to each patient than do established hospitals.

Defendant has established through evidence of the cost per patient of various hospitals which commenced operations in this area in the past five years that during the first year there is a lower ratio of patient occupancy to total bed space and a significantly higher cost per patient than there is in subsequent years. Thus, as demonstrated by defendant, fewer patients must pay the fixed expenses as well as pay for the inefficiency of operation that is generally present in a new venture.

It is, therefore, the opinion of this court that the distinction based on length of operation provided for in the contract is reasonable, and the court is further of the opinion that such a distinction is permitted by Section 1739.06 of the Ohio Revised Code.

The Legislature in providing for payment to all hospitals upon the same rate formula insured against discrimination in reimbursement to hospitals. The method of devising the formula, however, was wisely left to the Hospital Service Association, and in devising the formula the court is of the opinion that the association could take into consideration factors significantly affecting costs such as the length of operation of a hospital.

Therefore, the court finds that the contract offered by defendant to plaintiff contains the same rate formula as is used with the other hospitals in the area which have entered into contracts with defendant.

The next question to be considered is whether plaintiff established that it was the successor to Forest Hills Hospital for purposes of contracting with defendant. Apparently, plaintiff is not the same legal entity as Forest Hills Hospital since it was organized as a new corporation under the laws of Ohio. On the other hand, plaintiff showed that it was organized upon the

initiative of the Board of Trustees of Forest Hills Hospital and the persons connected with it, that the entire personal property of Forest Hills Hospital was transferred to plaintiff at a nominal cost; that the Administrator and the entire staff of Forest Hills Hospital were joining plaintiff hospital; that it has been recognized by the American Osteopathic Hospital Association as the successor to Forest Hills Hospital for the purpose of training interns and residents, and that the interns and residents of Forest Hills Hospital will be carried over to the plaintiff to continue with their training.

In considering this question of succession, the court does not believe that the legal forms are determinative. A hospital more so than other corporations is not merely a group of stockholders.

The court is impressed by the argument of the defendant that a new hospital has significantly higher costs than an established hospital because of the lower ratio of patient occupancy to total bed space. Since plaintiff has taken over everything from Forest Hills Hospital except the building and its articles of incorporation (e. g., staff, supplies, furniture, etc.) it is evident that it will also succeed to the patients that might in the future have gone to Forest Hills Hospital.

The court believes that for purposes of contracting with the defendant, the essential fact is not that the plaintiff is the same legal entity as its predecessor but rather that plaintiff is continuing in the experience of its predecessor. Therefore, the court finds that plaintiff is the successor to Forest Hills Hospital and orders the defendant to contract with plaintiff in conformity with this opinion.

It Is Therefore Ordered that the mandatory injunction requested be granted and be made permanent as requested in Items 1 and 2 of plaintiff's petition.

Because of the conclusion of the court, it is unnecessary to issue the declaratory judgment requested by plaintiff.

The defendant is to pay all costs of these proceedings.

A journal entry may be drawn in accordance with the foregoing.